# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1 (JB),<br>JOHN DOE #2 (VAA) and<br>JOHN DOE #3 (BAR),<br><br>    Plaintiff,<br><br>*vs.*<br><br>DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in his official capacity,<br><br>FRANK STRADA, Commissioner of the Department of Corrections, in his official capacity,<br><br>JEFF LONG, Commissioner of the Department of Safety and Homeland Security, in his official capacity,<br><br>BRYANT DUNAWAY, elected District Attorney General for Putnam County in Tennessee, in his official capacity,<br><br>COURTNEY LYNCH, elected District Attorney General for Franklin County in Tennessee, in her official capacity, and<br><br>GLENN FUNK, elected District Attorney General for Davidson County in Tennessee, in his official capacity,<br><br>    Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. The Plaintiffs are Tennessee residents who must comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 for the rest of his lives. *See* Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2021) ("SORA").

3. The Plaintiffs are Tennessee residents who have had "Code 88" placed on their driver licenses by the Tennessee Department of Safety pursuant to 2008 Public Acts, Public Chapter 1143 now codified at T.C.A. §55-50-353.

4. The Plaintiffs are Tennessee residents who must comply with the "community supervision for life" statute, T.C.A.§39-13-524.

5. The Plaintiffs seek declaratory and injunctive relief as follows:

a. from Defendant Rausch from providing documents to the Plaintiffs which indicate that the provision of SORA (as amended) apply to them including those which are punitive in nature and were created by statute AFTER their offenses occurred,

b. prohibiting the District Attorney General Defendants from prosecuting them under provisions of the SORA or community supervision for life which were created by statute or rule AFTER their offense occurred,

c. requiring Defendant Long to re-issue their driver licenses without the "code 88" on them and

d. prohibiting Defendant Strada and the Department of Correction from enforcing the

administrative policies and procedures concerning the Plaintiffs community supervision for life conditions that were enacted AFTER their offenses occurred.

<u>Sex Offender Registry Act (SORA)</u>

1. Plaintiffs seek a declaratory and injunctive relief barring the District Attorney General Defendant in the county where each Plaintiff lives from prosecuting each Plaintiff for violating those portions of the current Tennessee SORA statute (as amended) which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder* because, as the 6th Circuit stated in *Doe II*, those provisions "may not be retroactively enforced on" Plaintiff whose offense occurred prior to August 1, 2004. *Doe v. Lee (Does II)*, 102 F.4th 330, 340 (6th Cir. 2024).

2. Tennessee's first sex offender registry law took effect January 1, 2001. 1994 Tenn. Pub. Laws, ch. 976, § 11 (West).

3. After multiple amendments, the original sex offender registry law was ultimately replaced by SORA, effective August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6 (West).

4. SORA has been amended numerous times since it became effective on August 1, 2004.

5. In the 6th Circuit's recent opinion (which remanded the John Doe #1-9 case to Judge Trauger), the 6th Circuit clearly stated that while certain provisions of Tennessee's SORA "pass constitutional muster" "those [provisions of SORA] which mirror Michigan's 2006 and 2011 amendments to SORA" "may not be retroactively enforced upon the Plaintiffs." *Doe v. Lee (Does II)*, 102 F.4th 330, 339-340 (6th Cir. 2024) (emphasis added). The court stated explicitly that

> A regulatory regime that severely restricts where people can live, work, and "loiter," that categorizes them into tiers ostensibly corresponding to present

dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting . . . is something altogether different from and more troubling than Alaska's first-generation registry law. *Snyder*, 834 F.3d at 705. Such requirements treat registrants like "moral lepers" and "consign[]" them to years, if not a lifetime, of existence at the margins, not only of society, but often . . . from his own families." *Id*. Therefore, while these punishments may be inflicted on those convicted after the Act's effective date, they may not be retroactively enforced upon the Plaintiffs.

*Doe v. Lee (Does II)*, 102 F.4th 330, 339-340 (6th Cir. 2024).

6. SORA imposes onerous restrictions on each Plaintiff that burden their liberty in every aspect of their lives. Plaintiffs have been notified of the SOR conditions through TBI form BI-0125 which outlines EVERY provision of the 2004 SORA and its amendments and states that ALL the provisions apply to each Plaintiff. Ex. 1, TBI form BI-0125. As stated on form BI-0125, the Plaintiff must report in person every calendar quarter and must report on 48 hours' notice for certain other reasons. Pursuant to SORA, the state of Tennessee publicly and falsely identifies the Plaintiff as "violent" merely because of the fiat of the Tennessee legislature which mandated a conviction for certain offenses be classified as "violent". See T.C.A. §40-37-101.

7. SORA states that the Plaintiffs may not live, work, stand, "sit idly," or remain in vast areas of the state of Tennessee, especially within its cities and towns. The Plaintiffs cannot attend their children's (or grandchildren's) school functions and sporting events. Any failure to comply is a felony punishable by a mandatory minimum prison term.

8. According to the Department of Correction policies, Department employees are to investigate and prosecute violations of both the Sex Offender Registry and community supervision for live. Ex. 2

9. Individually and in combination, SORA and some of its later amendment's

requirements and limitations are punitive in effect and therefore constitute an unconstitutional *ex post facto* law as applied to the Plaintiff.

Code 88

10. Plaintiffs also seek declaratory and injunctive relief barring the Commissioner of Safety from issuing each Plaintiff a driver license with an "88" on it (pursuant to T.C.A. §55-50-353 (2008)) because the "88" is punitive in nature and should not be applied retroactively.

Community supervision for life

11. Plaintiffs seek declaratory and injunctive relief baring Defendant Commissioner Strads from enforcing any administrative policies and procedures (such as Index #704.07) (attached as Ex. 6) established by the Department of Correction for individuals on "community supervision for life" that were enacted after Plaintiffs offense date because the Tennessee Supreme Court in 2010 declared that the community supervision for life statute "is a direct and punitive consequence of" a conviction for certain enumerated sex crimes. *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010).

**JURISDICTION AND VENUE**

12. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiffs seek redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of their rights under the United States Constitution.

13. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equitable powers of this Court.

14. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## PARTIES

### *Plaintiffs*

15. Plaintiff John Doe #1 (JB) resides in Putnam County Tennessee and is required to comply with SORA and community supervision for life. Plaintiff John Doe #1(JB) was convicted of a sex offense that occurred in 2009. See Ex. 3

16. Plaintiff John Doe #2 (VAA) resides in Franklin County Tennessee and is required to comply with SORA and community supervision for life. Plaintiff John Doe #2 (VAA) was convicted of a sex offense that occurred in 2002. Ex. 4

17. Plaintiff John Doe #3 (BAR) resides in Davidson County Tennessee and is required to comply with SORA and community supervision for life. Plaintiff John Doe #3 (JAB) was convicted of a sex offense that occurred in 1996. John Doe #3 (BAR) is a Plaintiff in United States District Court for Middle Tennessee, #33:24-cv-186, and has been removed from the SOR by an agreed preliminary injunction. This case raises different issues that case #186. Ex. 5.

### *District Attorney General Defendants*

18. Defendant Bryant Dunaway is the elected District Attorney for Putnam County. He is sued in his official capacity.

19. Defendant Courtney Lynch is the elected District Attorney for Franklin County. She is sued in her official capacity.

20. Defendant Glenn Funk is the elected District Attorney for Davidson County. He is sued in his official capacity.

21. Pursuant to Article VI, § 5 of the Tennessee Constitution creates the office of the district attorney general by providing that

> [a]n Attorney for the State for any circuit or district, for which a Judge having criminal jurisdiction shall be provided by law, shall be elected by the qualified voters of such circuit or district. . . [and] [i]n all cases where the Attorney for any district fails or refuses to attend and prosecute according to law, the Court shall have the power to appoint an Attorney pro tempore.

21. Moreover, as a recent Tennessee Attorney General opinion (Opinion No. 16-06) stated:

> A district attorney general is an elected constitutional officer whose authority to act derives solely from the Tennessee Constitution[1] and various statutes, in particular Tenn. Code Ann. §§ 8- 7-101 through -112. A district attorney general represents the State of Tennessee and its people when performing his constitutional and statutory duties . . . . *See, e.g.*, *State v. Superior Oil, Inc.*, 875 S.W.2d 658, 660-61 (Tenn. 1994) ("He is to judge between the people and the government; he is to be the safeguard of the one and the advocate for the rights of the other . . . and. . . to combine the public welfare and the safety of the citizens, preserving both, and not impairing either," quoting *Foute v. State*, 4 Tenn. (3 Hayw.) 98, 99 (1816)).
> The specific statutory duties and responsibilities of a district attorney general are to (1) prosecute violations of state criminal statutes; (2) prosecute criminal cases that have been removed from state court to any inferior federal court; (3) cooperate and assist the attorney general and reporter in cases in circuit and chancery courts in which the attorney general is required to appear to protect the state or public interest; (4) give an opinion to any county officer in his district on a question of criminal law relating to the duties of that county officer; and (5) submit certain enumerated written reports to the district attorneys general conference annually. *See* Tenn. Code Ann. § 8-7-103(1)-(5)(A)-(C). The district attorney general also has discretion to allocate available resources in performing his duties and responsibilities and to delegate his duties and responsibilities to assistant district attorneys general. Tenn. Code Ann. § 8-7-103(6)-(7). All of these duties are related to the district attorney general's role as the State's representative in criminal prosecutions.

22. Because Plaintiff John Doe #1 (JB) lives in Putnam County and Bryant Dunaway is the elected district attorney for Putnam County, he is the appropriate defendant in this case to enjoin his office from prosecuting Plaintiff John Doe #1 (JB) with any alleged crime involving violating the provisions of SORA which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder* because, as the 6th Circuit stated in *Doe II*, those provisions "may not be retroactively enforced on" Plaintiffs whose offenses occurred prior to August 1, 2004. *Doe v. Lee (Does II)*, 102 F.4th 330, 340 (6th Cir. 2024).

23. Bryant Dunaway is also the appropriate individual to enjoin he and his office from prosecuting John Doe #1 (JB) with any alleged crime involving a violation of the community service for life statute.

24. Because Plaintiff John Doe #2 (VAA) lives in Franklin County and Courtney Lynch is the elected district attorney for Franklin County, she is the appropriate defendant in this case to enjoin her office from prosecuting Plaintiff John Doe #2 (VAA) with any alleged crime involving violating the provisions of SORA which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder* because, as the 6th Circuit stated in *Doe II*, those provisions "may not be retroactively enforced on" Plaintiffs whose offenses occurred prior to August 1, 2004. *Doe v. Lee (Does II)*, 102 F.4th 330, 340 (6th Cir. 2024).

25. Courtney Lynch is also the appropriate individual to enjoin her and her office from prosecuting John Doe #1 (JB) with any alleged crime involving a violation of the community service for life statute.

26. Because Plaintiff John Doe #3 (BAR) lives in Davidson County and Glenn Funk is the elected district attorney for Davidson County, he is the appropriate defendant in this case to enjoin his office from prosecuting Plaintiff John Doe #3 (BAR) with any alleged crime involving violating the provisions of SORA which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder* because, as the 6th Circuit stated in *Doe II*, those provisions "may not be retroactively enforced on" Plaintiffs whose offenses occurred prior to August 1, 2004. *Doe v. Lee (Does II)*, 102 F.4th 330, 340 (6th Cir. 2024).

27. Glenn Funk is also the appropriate individual to enjoin him and his office from prosecuting John Doe #3 (BAR) with any alleged crime involving a violation of the community service for life statute.

### 28. Defendant Rausch

29. Defendant David B. Rausch is the Director of the TBI and resides in the Middle District of Tennessee. He is sued in his official capacity.

30. SORA requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-206(a) (West 2021). The TBI's responsibilities include collecting data from each SORA registrant (some of which is kept confidential), publishing personal information about each Plaintiff on the SOR internet site (including dates of birth and driver license numbers), maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms (such as BI-0125), providing notices (whether statutorily-required or not) to registrants and other State agencies, collecting registration fees, and coordinating with national law enforcement and the national sex offender registry. *See* Ex. 1 TBI Form BI-0125; Tenn. Code Ann. § 40-39-203(i), § 40-39-204(a) & (d), § 40-39-205(a) & (f), § 40-39-206 (West 2021).

31. The director of the TBI is an appropriate defendant in this case because he drafts and distributes registration forms, including form BI-0125, and the current form states that all the provisions of Tennessee SORA apply to the Plaintiff in this case although the 6th Circuit's decision in Doe II clearly states that those portions of Tennessee's SORA which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder* because, as the 6th Circuit stated in *Doe II*, those provisions "may not be retroactively enforced on" Plaintiffs whose offenses occurred prior to August 1, 2004. *Doe v. Lee (Does II)*, 102 F.4th 330, 340 (6th Cir. 2024).

32. Plaintiffs also seeks declaratory and injunctive relief baring Defendant Rausch from publishing

their dates of birth and driver license numbers on the SOR website.

## DEFENDANT JEFF LONG

33. Defendant Jeff Long is the Tennessee Commissioner of Safety and Homeland Security whose office is in the Middle District of Tennessee. He is sued in his official capacity.

34. In 2008, the Tennessee legislature passed legislation which stated that "when the department [of Safety] issues or renews a driver license or photo identification card to a sexual offender, violent sexual offender or violent sexual juvenile offender . . . the drive license or photo identification card shall bear a designation sufficient to enable a law enforcement officer to identify the bearer of the license or card as a sexual offender, violent sexual offender or violent juvenile sexual offender." Exhibit 6, 2008 Public Acts, Public Chapter 1143.

35. As a result of Public Act 1143, the Department of Safety and Homeland Security started putting "88" on the line "restrictions" to indicated sex offenders. Exhibit 7, sample Tennessee sex offender driver license.

36. As a result of T.C.A. §55-50-353(a), all three Plaintiffs have "88" on his Tennessee driver license or identification card.

37. In 2010, the Public Act 1138 amended T.C.A. §40-39-213 (SORA) and mandated that all registered sex offenders produce a driver license with the "code 88" on the license or identification card, within 60 days of registration, to the registrant's SOR reporting agent.

38. Plaintiff submits that T.C.A. §55-50-353(a) is punitive and similar in intent to Hester Prynne's red "A" in *The Scarlet Letter*, "notching" and "branding" thieves in Colonial Williamsburg and patches worn by targeted groups in Nazi Germany. See Ex. 8 Marina D. Barron, *Identity Crisis: First Amendment Implications of State Identification Card and Driver's License Branding for Registered Sex Offenders*, 89 Brook. L. Rev. 261, 285-290 (2023).

https://brooklynworks.brooklaw.edu/blr/vol89/iss1/6

39. The Commissioner of the Department of Safety is an appropriate Defendant to seek declaratory and injunctive relief from retroactively enforcing the punitive statute T.C.A. §55-50-353(a) on each Plaintiff because their offenses occurred prior to T.C.A. §55-50-353(a) being enacted.

## Defendant Commissioner Strada

40. In 1996, the Tennessee legislature passed legislation which stated that "in addition to the punishment authorized by the specific statute prohibiting the conduct, a person shall receive a sentence of community supervision for life who, on or after" a specific date commits a list of crimes. Exhibit 3, T.C.A. §39-13-524.

41. T.C.A. §39-13-524(d)(1) states that "the department is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person."

42. As a result of Section 524(d)(1), the Department of Corrections has issued "administrative policies and procedures" for those individuals on "community supervision for life." See Exhibit 9, Index #: 704.07 and Ex. 10 DOC "community supervision certificate"

43. The Tennessee Supreme Court in *Ward v. State* stated that "the imposition of community supervision for life is punitive . . . ." *Ward v. State*, 315 S.W.3d 461, 473 (Tenn. 2010).

44. The Commissioner of the Department of Correction is an appropriate Defendant to seek declaratory and injunctive relief on behalf of each Plaintiff from enforcing amendments to the Department's administrative policies and procedures concerning community supervision for life which occurred after each Plaintiffs' offense date.

45. The Commissioner, employees and agents of the Department of Correction are an appropriate

Defendant to seek declaratory and injunctive relief on behalf of each Plaintiff from enforcing all of the provisions of the SORA (as amended) because, as the 6th Circuit stated in *Doe II*, those provisions "may not be retroactively enforced on" Plaintiffs whose offenses occurred prior to the enactment of portions of SORA or its amendments. *Doe v. Lee (Does II)*, 102 F.4th 330, 340 (6th Cir. 2024).

## REQUEST FOR RELIEF

For these reasons, Plaintiffs request the Court to grant declaratory and injunctive judgment against Defendants:

(a) declaring that (i) portions of the Tennessee SORA (as amended), which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder*, violate the Ex Post Facto Clause as applied to the Plaintiffs and (ii) the Plaintiffs have no obligation to comply with those portions of Tennessee SORA which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder*; and

(b) preliminarily and permanently enjoining the District Attorney General Defendants, their employees, and attorneys, and all persons in active concert or participation with them from enforcing all the provisions of Tennessee SORA (as amended) which mirror Michigan's 2006 and 2011 amendments to Michigan's SORA and were enjoined by *Snyder* against each Plaintiff:

(c) because the Plaintiff John Doe #3 (BAR) has been removed from the Sex Offender Registry through an unopposed motion for preliminary injunction, prior to placing the Plaintiff John Doe #3 (BAR) back on the SOR, enjoin Defendant Rausch from distributing

forms (such as TBI form BI-0125) to the Plaintiff John Doe #3 (BAR) without revising the form to remove the portions of the form that cannot be applied to Plaintiffs in compliance with the 6th Circuit's ruling in *Doe v. Lee (Does II)*, 102 F.4th 330 (6th Cir. 2024);

(d) enjoin Defendant Rausch from publishing Plaintiffs' dates of birth and driver license numbers on the SOR website site.

(d) enjoin Defendant Ford from applying T.C.A. §55-50-513(a) to the Plaintiffs and, if necessary, issue Plaintiff new driver licenses or identification cards without the "88" restriction on them;

(e) preliminarily and permanently enjoin Defendant Strada and the Department of Correction, their employees, and attorneys, and all persons in active concert or participation with them from enforcing any and all the portions of the Sex Offender Registry AND any "rules" created by the Department of Correction with regard to community supervision for life which were not in effect when the Plaintiffs' offenses occurred;

(f) preliminarily and permanently enjoining the District Attorney General Defendants, their employees, and attorneys, and all persons in active concert or participation with them from enforcing any and all the portions of any "rules" created by the Department of Correction with regard to community supervision for life which were not present when the Plaintiffs' offenses occurred;

(g) awarding Plaintiff's reasonable attorney fees and

(h) granting any other necessary or proper relief.

Dated: November 20, 2024.

Respectfully submitted:

*/s/ John B. Nisbet III*
John B. Nisbet III  BPR No. 13364
P.O. Box 266
Cookeville, Tennessee 38503
931.267.6203
nisbetcle@gmail.com

Plaintiffs' Counsel